United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 16-18887-ref
Kathleen M. Jensen                                                        Chapter 7
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-4          User: admin              Page 1 of 1              Date Rcvd: Apr 14, 2017
                              Form ID: 318             Total Noticed: 21

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 16, 2017.
db          +Kathleen M. Jensen,    233 Henry Avenue,    Boyertown, PA 19512-8627
smg         +Bureau of Audit and Enforcement,   City of Allentown,    435 Hamilton Street,
              Allentown, PA 18101-1603
smg          City Treasurer,    Eighth and Washington Streets,    Reading, PA  19601
smg         +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg         +Tax Claim Bureau,    633 Court Street,   Second Floor,    Reading, PA 19601-4300
13843561     Apothaker Scian, P.C.,    520 Fellowship Road, Suite C306,    PO Box 5496,
              Mount Laurel, NJ 08054-5496
13843567    +Comenitycapital/boscov,    Po Box 182120,    Columbus, OH 43218-2120
13843568    +Matthew Levengood,    233 Henry Avenue,    Boyertown, PA 19512-8627
13855758    +Quicken Loans Inc.,    c/o Denise Carlon, Esq.,    701 Market Street, Ste 5000,
              Philadelphia, PA 19106-1541

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr          +EDI: QRHHOLBER.COM Apr 15 2017 00:13:00      ROBERT H. HOLBER,    Robert H. Holber PC,
              41 East Front Street,    Media, PA 19063-2911
smg         +E-mail/Text: robertsl2@dnb.com Apr 15 2017 00:11:12       Dun & Bradstreet, INC,
              3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Apr 15 2017 00:10:47       Pennsylvania Department of Revenue,
              Bankruptcy Division,    P.O. Box 280946,    Harrisburg, PA  17128-0946
smg         +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Apr 15 2017 00:11:19       U.S. Attorney Office,
              c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13843562    +EDI: TSYS2.COM Apr 15 2017 00:13:00      Barclays Bank Delaware,    Po Box 8803,
              Wilmington, DE 19899-8803
13843563     EDI: CAPITALONE.COM Apr 15 2017 00:13:00      Capital One Bank Usa N,    15000 Capital One Dr,
              Richmond, VA 23238
13843564    +E-mail/Text: bankruptcy@cavps.com Apr 15 2017 00:11:14       Cavalry Portfolio Serv,
              Po Box 27288,    Tempe, AZ 85285-7288
13843565    +EDI: CHASE.COM Apr 15 2017 00:13:00      Chase Card,    Po Box 15298,    Wilmington, DE 19850-5298
13843566     EDI: CITICORP.COM Apr 15 2017 00:13:00      Citi,    PO Box 6500,    Sioux Falls, SD 57117-6500
13843569    +E-mail/Text: bankruptcyteam@quickenloans.com Apr 15 2017 00:11:16       Quicken Loans,
              1050 Woodward Ave,    Detroit, MI 48226-1906
13843570    +EDI: DRIV.COM Apr 15 2017 00:13:00      Santander Consumer USA, Inc.,    Po Box 961245,
              Ft Worth, TX 76161-0244
13843571     EDI: RMSC.COM Apr 15 2017 00:13:00      Syncb/walmart,    Po Box 965024,    El Paso, TX 79998
                                                                                                TOTAL: 12

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 16, 2017                                   Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 13, 2017 at the address(es) listed below:
              DENISE ELIZABETH CARLON    on behalf of Creditor    Quicken Loans Inc. bkgroup@kmllawgroup.com
              JOSEPH L QUINN    on behalf of Debtor Kathleen M. Jensen CourtNotices@sjr-law.com
              ROBERT H. HOLBER     trustee@holber.com, rholber@ecf.epiqsystems.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                                TOTAL: 4

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Kathleen M. Jensen** | Social Security number or ITIN    **xxx−xx−1961** |
| | First Name    Middle Name    Last Name | EIN    _ _−_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | | Social Security number or ITIN    _ _ _ _ |
| | First Name    Middle Name    Last Name | EIN    _ _−_ _ _ _ _ _ _ |

United States Bankruptcy Court    **Eastern District of Pennsylvania**

Case number:    **16−18887−ref**

# Order of Discharge                                                                                                              12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Kathleen M. Jensen
aka Kathi M. Jensen

4/13/17                                                                                **By the court:**    Richard E. Fehling
                                                                                                                    United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                                                    **Order of Discharge**                                                                page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**